UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN KETZNER,

    Plaintiff,

v.                                             Case No. 08-CV-13299

BRIAN DOUGLAS,                     HONORABLE AVERN COHN

    Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a pro se prisoner civil rights case under 42 U.S.C. § 1983 in which Plaintiff, a prisoner confined to Gus Harrison Correctional Facility in Adrian, Michigan, claims that Defendant, the health unit manager of the prison, acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. On August 8, 2008, the Court issued an order referring all pretrial matters to Magistrate Judge Michael J. Hluchaniuk. On August 15, 2008, Plaintiff filed an amended complaint, and on October 15, 2008, Defendant filed a Motion for Summary Judgment. Now before the Court is the Magistrate Judge's Report and Recommendation ("R&R"), issued on April 28, 2009, in which the Magistrate Judge recommends that Defendant's Motion for Summary Judgment be denied.

Defendant filed objections to the R&R on May 7, 2009. The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Defendant advances three objections as follows:

> Objection No. 1: The Magistrate Judge cites several district court decisions relieving inmates of compliance with the Prison Litigation Reform Act's (PLRA) exhaustion requirement. [D/E #17, pp. 23-25]. Defendant Douglas objects to this improper, judicially created exception to the PLRA's exhaustion requirement.
>
> Objection No. 2: The Magistrate Judge ignores the fact that the plaintiff filed this action before the grievance process was completed, contrary to the Sixth Circuit's holding in Freeman v. Francis. [Cf. D/E #1 and Def Ex 4]. Defendant Douglas objects to the Magistrate Judge's failure to consider that portion of Defendant's argument. [See D/E #14, at pp. 5-6].
>
> Objection No. 3: The Magistrate Judge concludes that the plaintiff has created a genuine issue of material fact as to whether the defendant exhibited deliberate indifference to a serious medical need. Defendant Douglas objects to the Magistrate Judge's analysis and conclusion as unsupported by the evidence.

See Def.'s Objections at 1-4. Defendant's first and third objections lack merit because the Court finds the analysis of the Magistrate Judge, and the cases upon which he relied in his R&R, to be sound.

With regard to the second objection, Defendant says that the Magistrate Judge ignored his argument that Plaintiff filed this action before the grievance process was completed, and contends that this is contrary to the Sixth Circuit's holding in Freeman v. Francis, 196 F.3d 641 (6th Cir. 1999). The Court disagrees.

First, while the Magistrate Judge did not directly address Defendant's argument that the grievance process was not complete at the time the action was filed, he gave due consideration to Defendant's overall exhaustion argument. Specifically, the Magistrate Judge invoked principles set forth by the Supreme Court in Woodford v. Ngo, 548 U.S. 81 (2006), where the Court defined proper exhaustion as "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Id. at

90. (emphasis in original).  Further, the Court stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Relying on these principles, the Magistrate Judge correctly found Defendant's overall exhaustion argument to be "contrary to the primary purpose of the exhaustion requirement, which is to provide corrections officials with fair notice and an opportunity to correct and resolve disputes."  See R&R at 26.  As the Magistrate Judge noted, "[t]here [wa]s no claim that corrections officials were not provided with fair notice and an opportunity to resolve the issues grieved." Id.  Thus, the Magistrate Judge did consider Defendant's exhaustion argument and the Court agrees with his finding that the argument fails.

Moreover, Defendant relies on Freeman in support of his second objection.  This reliance, however, is misplaced.  While it is true that the Sixth Circuit held that the prisoner in Freeman did not satisfy the exhaustion requirement because he filed his federal action before the grievance process was completed, see id. at 644-45, the facts of Freeman are distinguishable from those in the present case. Id.  Critically, the prisoner in Freeman filed his federal action "before the time for the Chief Inspector to respond had expired, and well before expiration of the 90-day period allotted for the grievance process."  Id. (emphasis added).  Here, unlike in Freeman, Plaintiff filed his federal action after the Step III response period had expired and after the 120-day period for the grievance process had expired. See R&R at 14.  Specifically, Plaintiff's grievance process began on March 24, 2008, when he filed his Step I grievance. Id.  The 120-day grievance time period expired on July 22, 2008. Id.  Because the 120-day period expired, the Step III response period also expired

3

on July 22, 2008.[1] Despite the July 22, 2008 expiration, Plaintiff waited until a Step III response was issued on July 29, 2008, and filed this action two days later, on July 31, 2008. Id.

Thus, because Plaintiff did allow the grievance process to be completed before filing this action, Freeman is inapplicable and Defendant's second objection must be overruled.

Accordingly, the findings and conclusions of the Magistrate Judge are adopted as the findings and conclusions of the Court, as supplemented above. Defendant's objections are OVERRULED and his Motion for Summary Judgment is DENIED. The Court will issue separate orders to move this case forward to trial.

SO ORDERED.


Dated: June 11, 2009          s/ Avern Cohn
                              AVERN COHN
                              UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2009, by electronic and/or ordinary mail.

                              s/ Julie Owens
                              Case Manager, (313) 234-5160

---

[1] The governing Michigan Department of Corrections Policy Directive states that the total grievance process "shall generally be completed within 120 calendar days unless an extension has been approved in writing by the Grievance Coordinator at Step I and/or Step II." MDOC Policy Directive 03.02.130 (eff. 07/09/07). Since no evidence has been presented to show that an extension was approved in writing, the Court concludes that the response was required by July 22, 2008.